UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

| | |
|---|---|
| JILL MIMS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:18 CV 21 |
| | ) |
| MINNESOTA LIFE INSURANCE COMPANY, | ) |
| | ) |
| Defendant. | ) |

## OPINION and ORDER

I. **BACKGROUND**

In 2016, Justin Mims died from chemical toxicity due to "huffing," or inhaling toxic vapors from compressed air duster canisters. (DE # 1.) His surviving spouse, plaintiff Jill Mims, seeks benefits from defendant Minnesota Life Insurance Company under the Accidental Death and Dismemberment ("AD&D") portion of a group insurance policy. (*Id.*) Plaintiff claims that defendant improperly denied benefits by asserting that Justin's death was self-inflicted and foreseeable, and thus outside of the scope of AD&D coverage. (*Id.*)

Plaintiff filed suit in federal court, alleging breach of contract and breach of the duty of good faith and fair dealing (also commonly known as a "bad faith" claim). (*Id.*) This matter is before the court on the motion of defendant for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c), on the bad faith claim, only. (DE # 12.) The motion is fully briefed and ripe for ruling. For the reasons set forth below, the motion is denied.

## II. LEGAL STANDARD

In reviewing a motion for judgment on the pleadings under Rule 12(c), the court applies the same standard that is applied when reviewing a motion to dismiss pursuant to Rule 12(b)(6). *Pisciotta v. Old Nat'l Bancorp.,* 499 F.3d 629, 633 (7th Cir. 2007). That means that the court "take[s] the facts alleged in the complaint as true, drawing all reasonable inferences in favor of the plaintiff." *Id.*

Under the liberal notice-pleading requirements of the Federal Rules of Civil Procedure, the complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To satisfy Rule 8(a), "the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus,* 551 U.S. 89, 93 (2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

"While the federal pleading standard is quite forgiving, . . . the complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ray v. City of Chicago,* 629 F.3d 660, 662-63 (7th Cir. 2011); *Twombly*, 550 U.S. at 555, 570. A plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). To meet this standard, a complaint does not need detailed factual allegations, but it must go beyond providing "labels and conclusions" and "be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citing *Sanjuan v. Am. Bd. of Psychiatry & Neurology*, 40 F.3d 247,

2

251 (7th Cir. 1994) among other authorities). As the Seventh Circuit explained, a complaint must give "enough details about the subject-matter of the case to present a story that holds together." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010).

However, the plaintiff does not need to plead facts that establish each element of a cause of action and, "[a]t this stage the plaintiff receives the benefit of imagination, so long as the hypotheses are consistent with the complaint." *Sanjuan*, 40 F.3d at 251. Even if the truth of the facts alleged appears doubtful, and recovery remote or unlikely, the court cannot dismiss a complaint for failure to state a claim if, when the facts pleaded are taken as true, a plaintiff has "nudged their claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 555, 570.

### III. DISCUSSION

Defendant has moved for judgment on the pleadings on plaintiff's claim for breach of the duty of good faith and fair dealing. (DE # 12.) It is well-established under Indiana law that there is a legal duty implied in all insurance contracts that insurers must deal in good faith with their insureds. *See Monroe Guaranty Ins. Co. v. Magwerks Corp.*, 829 N.E.2d 968, 975 (Ind. 2005). "The obligation of good faith and fair dealing with respect to the discharge of the insurer's contractual obligation includes the obligation to refrain from (1) making an unfounded refusal to pay policy proceeds; (2) causing an unfounded delay in making payment; (3) deceiving the insured; and (4) exercising any unfair advantage to pressure an insured into a settlement of his claim." *Erie Ins. Co. v. Hickman by Smith,* 622 N.E.2d 515, 519 (Ind. 1993). Indiana law is clear that

3

"poor judgment and negligence do not amount to bad faith; rather the additional element of conscious wrongdoing (dishonest purpose, moral obliquity, furtive design or ill will) must be present." *Masonic Temple Ass'n of Crawfordsville v. Indiana Farmers Mut. Ins. Co.*, 779 N.E.2d 21, 29 (Ind. Ct. App. 2002).

Defendant argues that plaintiff has not sufficiently pleaded facts from which bad faith may be inferred. Plaintiff retorts that she has pointed to specific, 30-year-old precedent from the Seventh Circuit Court of Appeals, *Santaella v. Metro. Life Ins. Co.*, 123 F.3d 456 (7th Cir. 1997), which she believes demonstrates that defendant knew or should have known that its interpretation of the insurance contract and subsequent denial of benefits was unfounded. She also emphasizes how truly "accidental" her husband's death was. In other words, plaintiff argues that defendant's decision to deny coverage was so patently incorrect that defendant's actions could only be attributed to bad faith.

The strength of this argument is not for this court to determine at the pleading stage. The question is only whether it is plausible. Without commenting on the strength or weakness of the argument, the court finds that the claim is legally plausible and that, if believed by a finder of fact, Indiana law would permit recovery. *See Erie Ins. Co. v. Hickman by Smith,* 622 N.E.2d 515, 520 (Ind. 1993) ("[A]n insurer which denies liability knowing that there is no rational, principled basis for doing so has breached its duty[.]"). Despite defendant's insistence that plaintiff allege some specific fact related to defendant's bad faith, the plaintiff does not need to plead facts that establish each

4

element of a cause of action and, "[a]t this stage the plaintiff receives the benefit of imagination, so long as the hypotheses are consistent with the complaint." *Sanjuan*, 40 F.3d at 251. Plaintiff's hypothesis is consistent with her complaint. Accordingly, plaintiff's bad faith claim may continue to the summary judgment and trial phases. This is not to say that plaintiff's claim will succeed. A finder of fact will ultimately determine whether defendant acted in bad faith. But the decision is not one that can be made on the basis of the pleadings.

## IV. CONCLUSION

For the foregoing reasons, defendant's motion for judgment on the pleadings is **DENIED**. (DE # 12.)

**SO ORDERED.**

Date: March 19, 2019

 s/ James T. Moody_____
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT